IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-2077-PAB

KEITH DORMAN SMITH,

Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS, and
KARL-HANS WURZINGER, PH.D.

Defendants.

---

## DEFENDANTS' MOTION TO RESTRICT DOCUMENTS PURSUANT TO D.C.COLO.LCIVR 7.2

---

Defendants Laboratory Corporation of America Holdings and Karl-Hans Wurzinger, Ph.D. (collectively Labcorp Defendants) respectfully request that this Court seal Exhibits A through K to the Motion for Civil Action and Remedies ("Complaint") pursuant to D.C.Colo.LCiv.R 7.2 and remain subject to a Level 1 restriction. In support of this request, the Labcorp Defendants state as follows:

### CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with Plaintiff in this matter concerning the requested relief. Plaintiff opposes this Motion.

### LEGAL STANDARD

Courts have long recognized that the common law right of access to judicial records is not absolute. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Courts may exercise discretion and restrict public access to

judicial records if the public interests in access are heavily outweighed by competing interests. *Mann*, 477 F.3d at 1149. "In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). "The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011). Outweighing the presumption requires that the party seeking to seal records "articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Id*.

The local rules of this district require that a party seeking to restrict public access to documents filed with the Court must: (1) identify the nature of the material or the proceeding for which restrictions is sought; (2) address the private interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. D.C.Colo.LCivR 7.2(c); *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 635 (D. Colo. 2010).

## ARGUMENT

The Labcorp Defendants request that the Court impose Level 1 access restrictions (limiting access to this Court and parties only) for Exhibits A-K filed with Plaintiff's "Motion for Civil Actions & Remedies" in El Paso County District Court to protect the personally identifying, medical, and financial information contained therein and continue the protection already afforded to those documents under Colorado law.

**A.     Documents for which restriction is sought.**

Exhibits A-K to Plaintiff's "Motion for Civil Actions & Remedies," filed herewith.

**B.     The interest to be protected and why such interest outweighs the presumption of public access.**

The exhibits to Plaintiff's originated in El Paso County Juvenile Case No. 21JV179 (Juvenile Case). Based on undersigned counsel's inquiry of the El Paso County District Court Clerk, the Juvenile Case is sealed and inaccessible to the public. The documents in that case are accessible only to the parties in the Juvenile Case and the El Paso County District Court. To otherwise obtain access, a motion must be filed stating good cause for granting access. Colorado Chief Justice Directive 05-1, Public Access to Court Records, effective January 4, 2022, Exhibit A, § 4.60(b) (providing that court records in paternity cases "are not accessible to the public, unless the court orders otherwise"). Those records are "not accessible until the custodian has reviewed the record for release in compliance with" the Directive. *Id.* § 4.60(c).

Accordingly, when these exhibits were filed in the original El Paso County District Court action originating this lawsuit, they retained a "protected" status. *See* Screenshot of state court action docket, Exhibit B. A "Protected court record" is defined as:

> any court record that is accessible to the public only after redaction in accordance with applicable federal statute or regulation, state statute, court rule, or court order, and with Section 4.60(g) of this policy. Before redaction, a protected court record is accessible only to judges, court staff, parties to the case (and, if represented, their attorneys in that case), or other authorized Department staff.

Ex. A, at § 3.60.

The reason these documents are protected is plain. These court records contain the following information: (1) Plaintiff's bank account number; (2) DNA analysis of both Plaintiff and two minors; (3) the date of birth of the two minors; and (4) the date of birth and driver's

3

license numbers of both Plaintiff and the mother of the two minors, who is a non-party to this action. *See* "Motion for Civil Actions & Remedies" Ex. A-K.

Accordingly, because the Colorado State Judicial Branch has—on two separate occasions—determined access to these Exhibits should be limited, and the Exhibits in fact contain sensitive personal information that should be protected from disclosure, the need for protection outweighs the public's need for public access to these Exhibits.

### C. A clearly defined and serious injury will result if access is not restricted.

Given the sensitive nature of the information contained in these documents, as set forth above, absent restricted access Plaintiff and the other individuals referenced in them is at risk of public disclosure. That public disclosure places these individuals—including two minors—at risk of identify theft or more. This factor is therefore satisfied.

### D. Only restriction will adequately protect the personal information the Exhibits contain.

Because Labcorp Defendants are unaware of any public disclosure of these documents, only restriction is appropriate to protect the personal and sensitive information contained within them. This factor is therefore satisfied.

### E. Level of restriction sought.

Labcorp Defendants seek Level 1 restriction of these documents, permitting all parties and this Court to access these documents but protecting them from public access.

## CONCLUSION

The foregoing reasons the Court should impose Level 1 access restrictions for Exhibits A-K of Plaintiff's Complaint, filed herewith.

DATED:  August 22, 2023

LEWIS RICE LLC

By: *s/ Sarah A. Milunski*
    Sarah A. Milunski
    Thomas L. Caradonna *pro hac pending*
    Oliver H. Thomas *pro hac pending*
    600 Washington Ave., Suite 2500
    St. Louis, Missouri  63101
    Telephone:  (314) 444-7600
    Fax: (314) 612-7822
    Email: tcaradonna@lewisrice.com
        othomas@lewisrice.com
        smilunski@lewisrice.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/ Kendra Beckwith*
    Kendra N. Beckwith
    1601 19th Street, Suite 1000
    Denver, CO 80202
    LEWIS ROCA ROTHGERBER CHRISTIE LLP
    Phone: (303) 623-9000
    E-mail: kbeckwith@lewisroca.com

*Attorneys for Defendants Laboratory Corporation of America Holdings and Karl-Hans Wurzinger, Ph.D.*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 22, 2023, the foregoing document was filed with the United States District Court for the District of Colorado and served upon Plaintiff via U.S. Mail, postage prepaid and email to the following:

Keith Dorman Smith
PO Box 64304
Colorado Spring, CO 80962
KDormanSmith@gmail.com

      By:       */s/ Kendra Beckwith*
                Kendra Beckwith

6