IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–02077–PAB–MDB

KEITH DORMAN SMITH,

    Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS a/k/a LABCORP, and KARL-HANS WURZINGER, Ph.D.,

    Defendants.

## MINUTE ORDER

This matter is before the Court on Plaintiff's Motion to Compel and for Sanctions. (["Motion"], Doc. No. 116.)

On January 6, 2025, Defendants secured a Court order compelling discovery from Plaintiff. (*See* Doc. No. 106.) Seemingly in response to that turn of events, Plaintiff raised concerns over Defendant's disclosures. The Court granted Plaintiff leave to file his own motion to compel, setting a deadline of January 17, 2025 (*Id.*)

Plaintiff failed to file a timely motion. Instead, on January 24, 2025, Plaintiff purported to file a motion to compel via chambers' email. Defendants filed a Motion to Strike that purported motion. (Doc. No. 111.) However, the Court struck Defendants' Motion to Strike because Plaintiff's email to chambers was not a properly filed motion, and there was therefore nothing to strike. (*See* Doc. No. 113.) Then, on February 3, 2025, Plaintiff filed the instant Motion. (Doc. No. 116.)

Defendants argue the Motion is untimely and unfounded.[1] (*See* Doc. Nos. 110, 121.) Specifically, they argue Plaintiff's own exhibits "demonstrate that he never served **any** requests for production of documents or interrogatories under the Federal Rules of Civil Procedure." (Doc. No. 110 at 1-2 (emphasis in original).) The Court agrees.

Although Plaintiff argues he "served Defendant with a request for production of documents and seventeen questions," (Doc. No. 116 at 1), he does not attach proof. Instead, Plaintiff attaches two exhibits that show he emailed defense counsel about initial disclosures, a status conference, and a protective order.

Specifically, Plaintiff's Exhibit A (Doc. No. 116-2) is an email chain from May, 2024 where the parties discussed the setting of a status conference. Presumably it was the status conference held on June 3, 2024, where the Court expressly noted Plaintiff did not raise specific issues concerning discovery deadlines or limitations, and where the Court reminded Plaintiff of his litigation obligations. (*See* Doc. No. 67.) Nothing about Exhibit A suggests Defendants failed to respond to Plaintiff's written discovery, or that Plaintiff even served written discovery. Exhibit B (Doc. No. 116-3) is another email chain from May, 2024 demonstrating Plaintiff served his initial disclosures, and reflecting a discussion over the protective order entered June 14, 2024. (Doc. No. 75.) As with Exhibit A, nothing in Exhibit B suggests Defendants failed to comply with written discovery, or that Plaintiff served written discovery.

Plaintiff does not attach any other documents to demonstrate he actually served written discovery. He also does not attach any emails or correspondence after May, 2024 to demonstrate that he followed up with Defendants about any requests he purportedly served in May. Moreover, since then, Plaintiff has filed pleadings with the Court several times, and emailed chambers at least ten times, indicating Plaintiff had the opportunity to raise discovery concerns with the Court, but did not. Thus, even if Plaintiff offered proof that he served written discovery on Defendants in May, 2024, which he does not, Plaintiff's failure to raise the alleged dispute sooner, is in and of itself problematic.

---

[1]Defendants also include a request for fees. (Doc. No. 110 at 7.) However, this request does not appear to comply with the District's local rules. *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit.").

Because Plaintiff represents himself in this matter, the Court must afford his filings a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Plaintiff's *pro se* status, however, does not excuse him from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). Moreover, the Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

Because there is no evidence that Plaintiff served any of the discovery requests he lists in his Motion (*see* Doc. No. 116 at 3-4), the Court **denies** the Motion.

However, the Court sets a video status conference on March 17, 2025, at 11:00 AM to give Plaintiff an opportunity to articulate whether any of the requests listed in his Motion (Doc. No. 116 at 3-4), seek evidence that may be critical to his remaining claim. If Plaintiff can articulate a specific need for the requested information, and if the burden on Defendants is reasonable under the circumstances, the Court may order limited discovery to ensure that Plaintiff is not unduly prejudiced by procedural failures. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (noting "the judicial system's strong predisposition to resolve cases on their merits").

During that conference, the parties shall also update the Court on the status of Plaintiff's responses to Defendants' discovery requests, and the Court will reset deadlines as necessary, including the dispositive motion deadline.

For the foregoing reasons it is

**ORDERED** that Plaintiff's Motion to Compel and for Sanctions (Doc. No. 116) is **DENIED**. It is further

**ORDERED** that a video status conference[2] is **set for March 24, 2025, at 10:00 AM**.

The Clerk of Court is directed to mail a copy of this Minute Order to Plaintiff:

---

[2] The parties shall use the previously provided instructions for appearing at the video Conference.

Keith Dorman Smith
PO Box 64304
Colorado Springs, CO 80962

Dated this 3rd day of March, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

4