IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–02077–PAB–MDB

KEITH DORMAN SMITH,

Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS a/k/a LABCORP, and
KARL-HANS WURZINGER, Ph.D.,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Defendants' Motion to Unconditionally Tender Payment (["Motion to Tender Payment"], Doc. No. 165) and Defendants' Request for Entry of Judgment of Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) (["Motion to Enter Judgment"], Doc. No. 167) (collectively the "Motions"). Plaintiff has not responded to either Motion and the time to do so has lapsed. For the following reasons, the Court respectfully **RECOMMENDS** that the Motions be **GRANTED**.

**SUMMARY FOR SELF-REPRESENTED PLAINTIFF**

The Court is recommending that Defendants be permitted to submit $888.52 into the court registry for you to withdraw at your convenience. This unconditional tender of damages moots the remaining claim, strips the court of subject matter jurisdiction, and ends the case.

This is only a high-level summary of the Court's Recommendation. The Recommendation itself is set forth in full below, along with information about your right to object to it, if you so choose.

## BACKGROUND

Plaintiff initiated this lawsuit in August of 2023, claiming breach of contract, negligence, and fraud related to genetic testing in a paternity dispute. (*See* Doc. No. 5.) Plaintiff's fraud and negligence claims were dismissed. (*See* Doc. Nos. 50; 96.) Additionally, Defendants were granted partial summary judgment on Plaintiff's breach of contract claim, limiting damages to $615, the price of an unperformed and unrefunded genetic test. (*See* Doc. No. 159; 163.)

Subsequent to the partial summary judgment order, Defendants filed the instant Motions. In the Motion to Tender Payment, Defendants seek leave to deposit $888.52[1] into the court registry pursuant to Federal Rule of Civil Procedure 67(a). (*See* Doc. No. 165.) And in the Motion to Enter Judgment, Defendants argue that in light of this tender, the claim is moot and the Court lacks subject matter jurisdiction. (*See* Doc. No. 167.)

## ANALYSIS

### I. Motion to Tender Payment

Per Fed. R. Civ. P. 67(a), "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money ... a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money[.]"

Here, as part of Defendants' unconditional tender of Plaintiff's alleged damages, Defendants ask to submit $888.52 (Plaintiff's breach of contract damages plus interest, *see supra*

[1] This figure is the cost of the $615 test plus prejudgment interest under Colo. Rev. Stat. § 5-12-102 from July 21, 2021 (the date of the canceled test), through April 30, 2026—three days after the Motions were field.

n.1) into the court registry. The Court finds this request appropriate and recommends it be granted.

## II. Motion to Enter Judgment

Next, Defendants argue that their unconditional tender of all recoverable damages (plus interest) renders this case moot.

"Article III of the Constitution requires that the federal courts render decisions only where there is a live case or controversy between parties." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011). "The controversy must exist not only at the time the complaint is filed but at all stages[.]" *Id.* If, during the course of litigation, the controversy at issue is resolved, the case in question is moot. *See Lechot v. Powerstroke Well Control, Inc.*, 2020 WL 10818364, at *2 (D. Colo. Mar. 9, 2020) ("[I]f by some intervening event a plaintiff obtains the relief he seeks in a case, there is no longer a case or controversy for the court to adjudicate, thus depriving the court of jurisdiction under Article III, section 2 of the Constitution.").

Though this issue does not arise frequently, it appears well settled that an unconditional offer to pay the entire damages amount at issue, can render a case moot. *See Lechot*, 2020 WL 10818364, at *2 ("If ... a plaintiff files suit seeking a definite sum of damages, say $100,000, and the defendant makes him an unconditional and indefinitely open offer for $100,000, that intervening offer moots the case, depriving the court of subject-matter jurisdiction."); *Demmler v. ACH Food Companies, Inc.*, 2016 WL 4703875, at *4 (D. Mass. June 9, 2016) ("[B]ecause [the defendant] did actually tender full relief to [the plaintiff], this Court cannot offer [the plaintiff] individually any more relief on his underlying claim than [the defendant] provided

when it tendered the $75 check. This dynamic served to moot the case."); *Dupre v. Slate Healthcare LLC*, 2024 WL 4804067, at *4 (S.D. Tex. Nov. 15, 2024) ("When there has been a tender of *complete* relief by a defendant, a plaintiff's claims for damages under Article III are moot, thus depriving the trial court of jurisdiction." (emphasis in original)), *report and recommendation adopted*, 2024 WL 4933358 (S.D. Tex. Dec. 2, 2024).

However, before a court can conclude the claim is moot, it must assure itself of two things: (1) the tender is truly unconditional and (2) the payment would resolve *all* potential damages. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016), *as revised* (Feb. 9, 2016) (noting that a settlement offer that expires does not moot a claim); *Lechot*, 2020 WL 10818364, at *2 (declining to find a claim brought under the Fair Labor Standards Act moot, because while the defendant offered to pay the plaintiff all the back pay he sought, this offer did not account for the liquidated damages the plaintiff could also recover under the Act).

Here, Defendants' tender is indeed unconditional. Defendants will submit the funds into the court registry, thereby relinquishing any interest in the funds. Defendants further state that the tender is made "without any conditions on its acceptance and stipulate that Plaintiff is entitled to withdraw all amounts deposited[.]" (Doc. No. 167 at 2.) Moreover, Defendants have not stated that the offer will expire or otherwise be revoked. Additionally, Defendants' proposed tender covers all available damages in this suit. Plaintiff's breach of contract claim, the only claim remaining in this case, is limited to $615. (*See* Doc. No. 163.) There are no other claims or damage sources at issue. Accordingly, Defendants' tender of damages plus interest through April

30, 2026,[2] constitutes all remaining available recovery, rendering the dispute moot and striping the court of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion to Unconditionally Tender Payment (Doc. No. 165) and Defendants' Request for Entry of Judgement of Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. No. 167) be **GRANTED** and that upon Defendants' submission of $888.52 into the court registry, this case be **closed**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

[2] The Court recognizes that by the time the presiding judge enters his order on this matter, more time will have passed and arguably more interest accrued. However, case law on this issue suggests that it is the unconditional offer itself, that moots the claim, making the date of the offer an appropriate date for accrual. *See Lechot*, 2020 WL 10818364, at *2 (stating that the unconditional and indefinitely open "offer moots the case, depriving the court of subject-matter jurisdiction.")

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of July, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge